# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **HAROLD M. HOFFMAN,** | : | **Civil Action No. 14-3770 (CCC)** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **REPORT & RECOMMENDATION** |
|  | : |  |
| **BARLEAN'S ORGANIC OILS, L.L.C,** | : |  |
|  | : |  |
| **Defendant.** | : |  |
|  | : |  |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by Plaintiff *pro se* Harold M. Hoffman's ("Plaintiff") motion to remand this matter to state court for lack of federal subject matter jurisdiction [Docket Entry No. 12]; and Defendant Barlean's Organic Oils, LLC ("Defendant") having opposed Plaintiff's motion [Docket Entry No. 13]; and the Court having considered the arguments submitted in support of, and in opposition to, Plaintiff's motion; and for the reasons that follow, it is respectfully recommended that this action be REMANDED to state court for lack of subject matter jurisdiction.

## I.     BACKGROUND

Plaintiff[1] filed the instant putative class action in state court on May 13, 2014 alleging various violations of the New Jersey Consumer Fraud Act in connection with Defendant's product, an "omega fatty acid dietary supplement[.]" *See Compl.* at 1; Docket Entry No. 1-1.

---

[1] Plaintiff is a well-known filer of putative class-action lawsuits in this District. In federal court alone, Plaintiff has represented himself *pro se* and on behalf of a putative class in no less than 35 actions since 2007, with 30 having been filed since 2012. Notably, each was originally filed in state court and subsequently removed by the defendant(s) in each case. Three of these cases, including the instant case, currently remain pending. *See Hoffman v. Liquid Health Inc. et al,* Civil Action No. 14-1838 and *Hoffman v. Nordic Naturals, Inc*., Civil Action No. 14-3291.

The putative class consists of "all New Jersey purchasers of Defendant's product for the two year period preceding the filing of this civil action." *Id.* at 5.   Plaintiff further alleges that "[a]s to the putative plaintiff class, the amount in controversy in this action…is less than $5 million." *Id.* at ¶27.   On June 12, 2014 Defendant removed the matter to federal court, alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). *Notice of Removal* at ¶13; Docket Entry No. 1.   In its Notice of Removal, Defendant avers that "[a]lthough the allegations in the Complaint purport to disclaim the amount in controversy as less than $5,000,000…removal is nonetheless proper because there is more than $5,00,000.00 in controversy, based upon a fair reading of the Complaint[.]" *Id.* at ¶19.   Defendant submits that under N.J.S.A. 56:8-13, it is subject to multiple penalties "of up to $10,000 for the first offense and up to $20,000 for the second and each subsequent offense." *Id.* at ¶32, citing N.J.S.A. 56-8-13.   As such, Defendant reasons that it is potentially liable for over $17 million in civil penalties, thus satisfying the amount in controversy requirement for CAFA jurisdiction.

## II.    LEGAL STANDARD

It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question. Fed.R.Civ.P. 12(h)(3). *See also Bracken v. Matgouranis,* 296 F.3d 160, 162 (3d Cir. 2002).   Further, a Court shall dismiss an action where it appears that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c); Fed.R.Civ.P. 12 (h)(3).

Pursuant to 28 U.S.C. §1332(d)(2):

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]

2

28 U.S.C. § 1332(d)(2).

Any doubts in removal jurisdiction are resolved in favor of remand. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).   The parties agree that the exceptions and limitations to the Court's CAFA jurisdiction under subsection (d)(4) do not apply. The only issue before the Court is whether the $5 million threshold for CAFA jurisdiction has been met.

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332 (d)(6). When a class action complaint expressly disclaims the ability to recover the $5 million jurisdictional amount, the Third Circuit instructs that the burden is on the defendant to prove "to a legal certainty that plaintiff can recover" that amount. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citing *Morgan v. Gay*, 471 F.3d at 469, 474 (3d Cir. 2006)).   The concept of legal certainty if not well defined, but falls somewhere below "absolute certainty" and above "preponderance of the evidence." *See Stephenson v. Consol. Rail Corp.,* No. 13-cv-721 (RBK), 2013 WL 174005 at *2 (D.N.J. Apr. 23, 2013) (quoting, *inter alia, Nelson v. Keefer,* 451 F.2d 289, 293 n.6 (3d Cir. 1971)).   A court examines both "the dollar figure offered by the plaintiff" and plaintiff's "actual legal claims" to determine whether "the amount in controversy exceeds the statutory threshold." *See Morgan,* 471 F.3d at 474-75.

## III.   DISCUSSION

### A. Arguments

As stated above, the only issue currently before the Court is whether the $5 million threshold for CAFA jurisdiction is satisfied.   Moreover, the only question to be addressed in this

respect is whether Defendant is subject to the civil penalties set forth in N.J.S.A. 56:8-13.[2]

Plaintiff argues that the matter should be remanded because "[t]he civil penalties relied upon by defendant…are recoverable only in an action brought by the New Jersey Attorney General, not a private litigant." *Plaintiff's Brief in Support* at 2; Docket Entry No. 12-1. Plaintiff notes that he specifically alleged that the amount in controversy is less than $5 million and that therefore, the burden is on Defendant to prove otherwise "to a legal certainty." *Id*. at 1.

Defendant maintains that the Attorney General is not the only person who may seek such remedies. Defendant points to N.J.S.A. 56:8-14 for the proposition that penalties can be sought by a private litigant. N.J.S.A. 56:8-14 states in part that "[p]rocess shall be either in the nature of a summons or warrant and shall issue in the name of the State, upon the complaint of the Attorney General or any other person." N.J.S.A. 56:8-14.   Furthermore, Defendant states that there is nothing to preclude the Attorney General "from intervening and seeking penalties." *Defendant's Brief in Opposition* at 5; Docket Entry No. 13.   Because the Attorney General may yet seek to intervene in this action, Defendant maintains that "it is legally certain that such penalties can be assessed." *Id.* at 7.

### B.  Analysis

"In 1960, the Legislature passed the Consumer Fraud Act 'to permit the Attorney General to combat the increasingly widespread practice of defrauding the consumer.'" *Cox v. Sears Roebuck & Co*., 138 N.J. 2, 14 (1994). Originally, enforcement under the Act was limited exclusively to the Attorney General; however, in 1971, the Act was amended to afford a private

---

[2] It is clear from the face of the notice of removal that without calculating the statutory civil penalties in question, the amount in controversy does not exceed $5 million. *See Notice of Removal* at ¶¶25-33. Indeed, Defendant does not argue that it would.

right of action to individuals by way of N.J.S.A. 56:8-19 which states as follows:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

N.J.S.A. 56:8-19.

As explained by the New Jersey Supreme Court, the purposes of creating the private right of action are as follows: "(1) compensate the victim for his or her actual loss; (2) punish the wrongdoer through the award of treble damages; and (3) attract competent counsel to counteract the 'community scourge' of fraud by providing an incentive for an attorney to take a case involving a minor loss to the individual*." Weinberg v. Sprint Corp*., 173 N.J. 233, 249 (2002) (internal citations omitted).   However, the amendment did not give private litigants the same broad authority as the Attorney General. *See Miller v. American Family Publishers,* 284 N.J. Super. 67, 76 (Ch. Div. 1995).   "The Attorney General may sue to halt any unlawful practice, to recover penalties, or to recover losses sustained by any victim. A private plaintiff, however, must not only show a violation of the Act, but must also demonstrate that he or she 'suffered an ascertainable loss . . . as a result of the unlawful conduct.'" *Id.*

In *Daaleman v. Elizabethtown Gas Co*., 77 N.J. 267 (1978), the New Jersey Supreme Court discusses the various penalties available under the act, citing to each applicable statute:

> The act provides for injunctive relief against unlawful practices, N.J.S.A. 56:8-8, monetary penalties for violation of the act, N.J.S.A. 56:8-13, and also permits a person, who suffers a loss due to a method, act or practice declared unlawful under the act, to sue and recover threefold the damages sustained, together with reasonable attorney's fees and

costs of suit, N.J.S.A. 56:8-19.

*Daaleman,* 77 N.J. 267, 271.

In this context, it appears that any injunctive relief and monetary penalties available under N.J.S.A. 56:8-8 and -13 are separate from those available to a private person.   Indeed, in *Sacchi v. ABC Fin. Servs*., 2014 U.S. Dist. LEXIS 114288 (D.N.J. Aug. 18, 2014), this Court found that "a private individual[] is limited to the treble damages provided by N.J.S.A. 56:8-19." *Sacchi,* at \*11.   The Court based its reasoning on *Weinberg,* noting that "[t]he New Jersey Supreme Court has explained that the damages and penalties available to private individuals are limited to those provided in N.J.S.A. 56:8-19." *Id.*, n. 3.[3]  The *Sacchi* Court further relied on N.J.S.A. 56:8-3.1 which states that "the Attorney General, or his designee, is empowered…to assess a penalty against the person alleged to have committed such violation[.]" N.J.S.A. 56:8-3.1.   As such, it appears to the Court that the civil penalties available under N.J.S.A. 56:8-13 are available to the Attorney General alone, and not to a private litigant. *See also Cox* 138 N.J. 2, 15 ("In this case, Cox is a private plaintiff, and the Attorney General did not intervene in the proceedings…Therefore, the relevant sections of the Act are N.J.S.A. 56:8-2 and -19."); *State v. Tri-Way Kars, Inc*., 402 N.J. Super. 215, 222-223 ("The penalties that may be imposed by the Attorney General for a first offense shall not exceed $10,000 for a second and each subsequent offense it shall not exceed $20,000. N.J.S.A. 56:8-13.").

Indeed, Defendant has not provided a single instance in which civil penalties under N.J.S.A. 56:8-13 were awarded in a case brought by a private litigant, regardless of whether the

---

[3] Although the plaintiff in *Sacchi* sought penalties under N.J.S.A. 56:8-14.3 (which Defendant also relies on in their brief), the Court nonetheless finds the reasoning applies to the civil penalties under N.J.S.A. 56:8-13. Indeed, the language of the statutes is highly similar, with the former statute applying to specific victims who were senior citizens or had disabilities.

Attorney General had intervened.   Therefore, insofar as the burden is on the Defendant to show to a "legal certainty" that the monies can be recovered, the Court finds that Defendant has failed to do so.

Moreover, the Court is not persuaded by Defendant's argument that the threshold is satisfied in the event that the Attorney General decides to intervene.   The Court finds well-taken Plaintiff's observation that jurisdiction is assessed at the time of removal, and that at such time, no such penalties were available to Plaintiff.   As a result, the Court finds that the $5 million amount in controversy requirement for CAFA jurisdiction has not been satisfied and shall recommend that this matter be remanded to state court.

## IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 10th day of September, 2014,

RECOMMENDED that this action [Civil Action No. 14-3770] be REMANDED pursuant to 28 U.S.C. §1447(c).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).


 s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

7